UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN D. BRENTLINGER, II, ) | Case No. 3:18-CV-2452 |
| ) | |
| Petitioner ) | Judge Dan Aaron Polster |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| DAVID MARQUIS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the Court is Magistrate Judge Jonathan D. Greenberg's Report and Recommendation ("R&R") and Order on Petitioner John D. Brentlinger, II's Motion to Expand the Record, **Doc #: 13**. The Magistrate Judge recommends the Court dismiss Brentlinger's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, Doc #: 1. Doc #: 13 at 35. In the same document the Magistrate Judge denies Brentlinger's Motion to Expand Record, Doc #: 10. Doc #: 13 at 35. After being granted an extension, Brentlinger timely filed Objections to the R&R and the denial of his Motion to Expand Record. Doc #: 15.

**1. Report and Recommendation**

Brentlinger raised one ground in his Habeas Corpus Petition -- that his Confrontation Clause rights were violated when Shandra Pearson was permitted to testify about a conversation she had with Lynette Brentlinger. Doc #: 1. The state appellate court determined that the potentially hearsay portion of the statement is nontestimonial and so does not run afoul of the Confrontation Clause. Doc #: 13 at 20-21. The Magistrate Judge found that despite being based on Ohio's objective witness test instead of the Supreme Court's primary purpose test, the state

appellate court's determination was not contrary to, or an unreasonable application of, clearly established federal law. Doc #: Doc #: 13 at 26. Even were it, the Magistrate found that:

> "[T]his simply means that [Brentlinger] is entitled to de novo review" of his Confrontation Clause claim. *Jones v. Bagley*, 696 F.3d 475, 490 (6th Cir. 2012). After de novo review, for the reasons set forth above, the Court concludes the portion of Pearson's . . . testimony . . . [was] nontestimonial and did not violate Brentlinger's rights under the Confrontation Clause.

Doc #: 13 at 26-27.

Brentlinger objected to the Magistrate Judge's conclusion, asserting that reviewing the facts objectively shows that the statements were testimonial and therefore violated his rights under the Confrontation Clause. Doc #: 15 at 9.

This Court conducts a de novo review of the objected to portions of a R&R. 28 U.S.C. § 636(b)(1).

The Court carefully reviewed all relevant filings and finds Brentlinger's objection meritless. As the Magistrate Judge found, the state appellate court applied a test which objectively looked to the facts to see if a statement was testimonial. Doc #: 13 at 25. In so doing, the state appellate court found, and the Magistrate Judge agreed, that the statement Ms. Brentlinger made to Ms. Pearson, her mail carrier, was nontestimonial. This Court agrees with the state appellate court's and Magistrate Judge's conclusion.

### 2. Motion to Expand Record

Brentlinger also objects to the Magistrate Judge's denial of his Motion to Expand the Record. The Motion to Expand the Record is not dispositive of a claim or defense and so is a non-dispositive pretrial motion. *See Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001). As such, the Court can only reconsider the Magistrate Judge's decision

"where it has been shown that the magistrate's . . . order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Vogel*, 258 F.3d at 515.

Brentlinger has not made this showing. Regardless, the Court has reviewed all relevant filings and finds that the Magistrate Judge's denial of Brentlinger's Motion to Expand the Record is not clearly erroneous or contrary to law.

### 3. Conclusion

Thus, the Court hereby **OVERRULES** Brentlinger's Objections (Doc. # 15) and adopts the R&R in full. Accordingly, Brentlinger's Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, **Doc #: 1**, and Motion to Expand Record, **Doc #: 10**, are **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 16, 2020*
**Dan Aaron Polster**
**United States District Judge**